IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT YATES,

                                               OPINION AND ORDER

                    Petitioner,

                                        16-cv-207-bbc
                                        02-cr-86-bbc

          v.

UNITED STATES OF AMERICA,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Robert Yates has moved for post conviction relief under 28 U.S.C. § 2255, challenging his 2003 sentence as an armed career criminal.  At the time of his sentencing he had six prior convictions that qualified him for an enhanced sentence under 18 U.S.C. §924(e) of  the Armed Career Criminal Act.  He contends that under the Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015), and Chambers v. United States, 555 U.S. 122, 128 (2009), only two of his prior convictions are still qualifying convictions, one short of the necessary three, which means that he no longer qualifies as an armed career offender and is entitled to resentencing.

Petitioner's challenge turns on whether his prior Wisconsin conviction for battery by a prisoner was a "violent felony," as that term is used in § 924(e)(2)(B)(i).  I conclude that it was and that his post conviction motion must be denied.

1

RECORD FACTS

Petitioner Robert Yates was indicted in 2002 on one count of being a felon in possession of a gun, in violation of 18 U.S.C. § 922(g).  When he was sentenced in 2003, he was found to have 37 criminal history points, placing him in criminal history category 37. The probation office determined that he had six qualifying convictions, twice as many as required to make him an armed career criminal under 18 U.S.C. § 924(e)(2)(B).  One of these was for manufacture or delivery of cocaine, three were for escape (two instances of failing to report to serve a sentence and one instance of leaving a facility with permission and failing to return), one for battery by a prisoner and one for substantial battery-intend bodily harm.  (Under § 924(e)(1), a person convicted under 18 U.S.C. § 922(g) who has three previous convictions for a violent felony or a serious drug offense is subject to enhanced sentencing.)  At sentencing, I concluded that the one drug conviction was a "serious drug offense" and the other five convictions were "violent felonies" under § 924(e)(2)(B), making petitioner an Armed Career Criminal subject to a sentence of at least 15 years. § 924(e)(1). I imposed a sentence of 195 months. Had petitioner not qualified as an armed career criminal, his maximum sentence would have been ten years under 18 U.S.C. § 924(a)(1).

Petitioner never took a direct appeal of his sentence or sought post conviction relief. until he filed his present motion.  The government does not take the position that petitioner's failure to appeal or to challenge his escape convictions amounted to a procedural default of those claims, although it has been seven years since the Supreme Court decided in Chambers, 555 U.S. 122, that failure to report to a penal institution does not involve

2

conduct presenting a serious potential risk of physical injury to another, and therefore is not a "violent felony" under the Armed Career Criminal Act.  Rather, the government assumes that if petitioner prevails on his challenge to his battery by a prisoner conviction, the court would not consider his three prior convictions for escape as qualifying offenses.

OPINION

When petitioner was convicted and sentenced of the crime of battery by prisoner, the applicable Wisconsin statute read as follows:

> Any prisoner confined to a state prison or other state, county or municipal detention facility who intentionally causes bodily harm to an officer, employee, visitor, or another inmate of such prison or institution, without his or her consent, is guilty of a Class H felony.

Wis. Stat. § 940.20(1) (1995-96).  At the time, "bodily harm" was defined in Wis. Stat. § 939.22(4) as meaning "physical pain or injury, illness or any impairment of physical condition."

Petitioner contends that this statute does not meet the statutory category of "violent felony" under 18 U.S.C. § 924(e)(2)(B), which provides that

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that
>
> (i) has as an element the use, attempted use or threatened use of physical force against the person of another [this is referred to as the "elements" clause or the "force" clause]; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious risk of physical injury to another*"; ([this italicized clause is known generally as the "residual clause."]

3

Petitioner focuses on subsection (i), arguing that his prior battery conviction was based on a statute that did not specify that physical force must be used (or attempted or threatened), and, as a consequence, it was not a qualifying conviction under <u>Johnson v. United States</u>, 559 U.S. 133 (2010) (which I will refer to as <u>Johnson I</u>, to distinguish it from the Court's 2015 decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551, declaring the residual clause unconstitutionally vague.)  He argues that the crime of which he was convicted is nothing but a version of simple misdemeanor battery upgraded to a felony by making it specifically applicable to prisoners and that it is not a violent felony as that term is defined in <u>Johnson I</u>.  He believes that this is shown by the lack of any reference in the state statute to the "use, attempted use, or threatened use of physical force," as set out in § 924(e)(2)(B)(i).  Instead, he says, the Wisconsin statute criminalizes the crime of "causing bodily harm to an officer [or others]"---a different thing altogether.  According to petitioner, the "crime [of which he was convicted] is about causation, not action; it simply criminalizes intentionally causing bodily harm, regardless of *how* it is caused."  Pet.'s Br., dkt. #4, at 7.

Petitioner's argument is foreclosed by the decision in <u>Johnson I</u>.  In that case, the question was whether Johnson's prior Florida conviction for simple battery amounted to a violent felony under § 924(e)(2)(B)(i).  Complicating the question was the fact that Johnson had been charged under a Florida statute written in the disjunctive that allowed the prosecutor to charge a battery in one of three ways:  by proving that the defendant (1) caused bodily harm intentionally; (2) struck the victim intentionally; or (3) merely touched the victim actually and intentionally.  <u>Johnson I</u>, 559 U.S. at 136-37.  Because nothing in

4

the record permitted a sentencing court to know whether Johnson had been convicted of any particular act, the Court had to decide whether conviction of the least serious of the possible readings of the statute, intentional touching of the victim, would amount to a "violent felony." Relying on the state supreme court's reading of that provision as requiring proof of "only the slightest unwanted physical touch" and adding that it was bound by the Florida Supreme Court's interpretation of state law, id. at 138, the Court concluded that Johnson's conviction could not stand as a predicate conviction of a violent felony under the Armed Career Criminal Act. Id. at 136-37. "We think it clear that in the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force---that is, force capable of causing physical pain or injury to another person." Id. at 141 (citing Flores v. Ashcroft, 350 F.3d 666, 672 (7th Cir. 2003)). In other words, if the perpetrator inflicts bodily harm (physical pain or injury) on the victim, it follows that he has used violent force.

In this circuit, the court held in United States v. Rodriguez-Gomez, 608 F.3d 969, 973-74 (7th Cir. 2010), that proof that the defendant "intentionally caused bodily harm" to another "has as an element 'the use, attempted use, or threatened use of physical force.'" See also Hill v. Werlinger, 695 F.3d 644, 649 (7th Cir. 2012) (upholding district court finding that defendant had committed a violent felony in violating an Illinois statute making it a battery to intentionally or knowingly without legal justification and by any means cause bodily harm to individual; causing bodily harm "has as an element 'the use, attempted use, or threatened use of physical force.") Id. at 649.

Despite this precedent, petitioner argues that Wisconsin cases show that this state

5

does not view Wis. Stat. § 940.20(1) as necessarily involving the kind of physical force required for a violent felony under subsection (i) of § 924(e)(2)(B), and, he adds, it is the state courts that determine the elements of state law, as the Court made clear in Johnson I. Id. at 138. Petitioner begins with State v. Higgs, 230 Wis. 2d 1, 12-13, 601 N.W. 2d 653, 659-60 (Wis. Ct. App. 1999), a case in which the defendant was charged with a violation of § 940.20(1), a felony, but was allowed to plead guilty to a misdemeanor charge of battery to a prisoner under § 940.19(1), after he was charged with throwing urine in the prisoner's face, causing a burning or stinging sensation in his eyes. The defendant objected to the charge of causing bodily harm for merely causing the other prisoner some temporary eye problems. The state court of appeals disagreed that the burning and stinging sensations the victim endured did not amount to bodily harm; in its view the injuries were covered by the dictionary definition of "pain." This was not merely an unwanted physical touching; it is clear that the throwing of the urine required physical force and that the force was capable of causing pain.

Petitioner has collected a number of other cases in which a defendant pleaded guilty to a felony charge of simple battery against a police officer for what he says were such "minimal" actions as stomping on an officer's foot, Robinson v. City of West Allis, 2000 WI 126, 239 Wis. 2d 595, 602-04, 619 N.W.2d 692, 696-97 (Wis. 2000); kicking two different officers in the shin, State v. Doerr, 299 Wis. 2s 616, 599 N.W.2d 897 (Wis. Ct. App. 1999); hitting a man with a glass of beer, causing facial lacerations, while meaning only to throw beer at him, State v. Russell, 104 Wis. 2d 741, 313 N.W.2d 280 (Wis. Ct. App.

6

1981) (unpublished); and striking an officer in the head and stepping on the hand of another officer, State v. Linehan, 90 Wis. 2d 862, 280 N.W.2d 785, *1 (Wis. Ct. App. 1979) (unpublished). Although petitioner believes that these cases are evidence that the state has an idiosyncratic view of its battery law as not necessarily involving the kind of physical force required for a violent felony, the cases do not support his position. The actions described do not seem particularly "minimal"; to the contrary, all appear to have had as an element "the use, attempted use or threatened use of physical force against the person of another," thereby meeting the requirements of § 924(e)(2)(B)(i). Each seems to be considerably more serious than the element of "actually and physically touching" in Florida's battery law, Johnson I, 559 U.S. at 138, that the Supreme Court concluded fell far short of being "force capable of causing physical pain or injury to another person." Id. at 140.

Petitioner has made a serious, but ultimately unsuccessful, effort to show that his state court conviction for intentionally causing bodily harm to a prison officer, employee, etc. is not a violent felony under 18 U.S.C. § 924(e). This circuit has held on numerous occasions that intentionally causing bodily harm to an individual is a violent felony requiring the use, attempted use or threatened use of physical force. Accordingly, petitioner has failed to show that he was wrongly convicted as an armed career criminal. His motion for post conviction relief must be denied.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a defendant. To obtain a certificate of appealability, the applicant must make a "substantial showing of

the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).  I cannot say in this case that petitioner has not made a substantial showing of a denial of a constitutional right.  Other judges might disagree with the conclusion that petitioner is not entitled to resentencing.  Accordingly, a certificate will issue.

ORDER

IT IS ORDERED that petitioner Robert Yates's petition for post conviction relief under 28 U.S.C. § 2255 is DENIED.  Further, it is ordered that a certificate of appealability shall issue.

Entered this 17th day of June, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge